(87 App. Div. 144.)

METCALFE v. UNION TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. TRUSTS—TERMINATION—PROSPECTIVE EFFECT OF STATUTE.

Personal Property Law (Laws 1897, p. 507, c. 417) § 3, providing, whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the principal fund, subject to his beneficial estate, he may release his interest in the income, and thereupon the trustee's estate shall cease, applies only to trusts created before its passage, there being no clear intent that it shall have a retroactive effect, as otherwise, in the case of a prior created trust, its effect would be to destroy the vested right and estate of a trustee.

2. SAME—CONSENT OF TRUSTEE.

The court cannot, before expiration of the term of a trust created before there was power to terminate it, decree dissolution, without consent of the trustee.

3. SAME—STIPULATION OF TRUSTEE.

Stipulation of the trustee, in a submission of controversy on an agreed statement, that, if the court decides that the trust has been terminated,

judgment may be entered that the fund be paid over to plaintiff, is not a consent to the destruction of the trust.

**4. SAME—TERMINABLE TRUSTS.**

Personal Property Law (Laws 1897, p. 507, c. 417) § 3, providing that whenever a beneficiary in a trust for the receipt of the income of personal property is entitled in the principal fund, subject to his beneficial estate, he may release his interest in the income, and thereupon the estate of the trustee shall cease, does not apply where the beneficiary's right to the income or to the remainder is conditional, and therefore not to a case where money is bequeathed in trust to pay the income to one for life or till she remarry, and then to pay over the principal to others, though they assign to her all their interest in the remainder.

Laughlin, J., dissenting.

Submission of controversy, on an agreed statement of facts, between Helene R. Metcalfe, plaintiff, and the Union Trust Company of New York, trustee, and others. Judgment for defendants.

See 76 N. Y. Supp. 375.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Harmon S. Graves, for plaintiff.
Hoffman Miller, for defendants.

PATTERSON, J. The following material facts are set forth in the agreed statement signed by the parties hereto on the submission of a controversy under sections 1279 and 1280 of the Code of Civil Procedure, namely: The defendant trust company has in its possession a sum of money, which, by a decree of the Supreme Court (76 N. Y. Supp. 375) construing the will of Francis J. Metcalfe, it holds in trust to pay the income thereof to the plaintiff, Helene R. Metcalfe, the widow of the testator, during her life, or until she remarry, and then to pay over the principal of the fund to the four children of the testator, who are also defendants here, in the several proportions as required by the will. The four remaindermen, by an instrument in writing, duly executed and acknowledged, assigned and transferred all their right, title, and interest in and to the remainder in the trust fund to their mother, the beneficiary, who thereupon executed and acknowledged an instrument in writing releasing to herself all her right to the income, and thus she claims she became the owner of and entitled to the whole fund. Thereupon, claiming to be so entitled, she demanded the fund from the Union Trust Company, and offered to it a release from all liability as trustee. That demand was refused by the trustee, it taking the position that the trust was not terminated, and that the release would not protect it from future liability.

The testator died on February 27, 1892, leaving a last will and testament, dated December 24, 1886, which was admitted to probate in New York county on July 21, 1892. All persons interested in this trust fund are of full age, and are before the court as parties to the submission. The question of law raised upon the submission is whether, by the assignment of the remaindermen to the plaintiff, she became entitled to the whole of the principal of the fund now held by the trust company, and whether, by her release of her right to the income, the estate of the trustee has become destroyed or displaced, and the trust

terminated, under the provisions of chapter 417, p. 507, of the Laws of 1897 (section 3 of the personal property law), which reads as follows:

"The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust in personal property may be transferred. Whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the whole or a part of the principal fund so held in trust, subject to his beneficial estate for a life or lives, or shorter term, he may release his interest in such income and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

If the right of the plaintiff to terminate this trust is claimed only under the permissive terms of this particular statute, we are compelled to hold that such right is not acquired thereunder. The trust was created in the year 1892. The effect of the act of 1897 in this case is to destroy the vested right and estate of a trustee, and to enlarge the interest given by the will to the beneficiary. Statutes having such an effect, are to be construed prospectively, and not retroactively. They operate upon trusts created after their passage, because such trusts are construed in connection with the laws existing at the time of their creation, and are necessarily subject to them. It is a general principle of law that statutory, and even constitutional, provisions which diminish rights arising out of past transactions, are to be construed as operating only in futuro, and that such laws never have a retroactive effect, unless it is expressly so provided, or a clear intention on the part of the Legislature is manifest that they shall have such an effect. This rule has been illustrated and applied in a great variety of cases in this state. Wood v. Oakley, 11 Paige, 403; Butler v. Palmer, 1 Hill, 325; Berley v. Rampacher, 5 Duer, 183; Dash v. Van Kleeck, 7 Johns. 499, 5 Am. Dec. 291; Calkins v. Calkins, 3 Barb. 306; People v. Supervisors Columbia County, 10 Wend. 362; O'Reilly v. Utah, etc., Stage Co., 87 Hun, 413, 34 N. Y. Supp. 358; McKee v. People, 32 N. Y. 239; In re Evergreens, 47 N. Y. 216; Stone v. Flower, 47 N. Y. 566; People ex rel. Collins v. Spicer, 99 N. Y. 225, 1 N. E. 680; In re Miller, 110 N. Y. 216, 18 N. E. 139; Isola v. Weber, 147 N. Y. 333, 41 N. E. 704; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663; People ex rel. Leet v. Keller, 157 N. Y. 90, 51 N. E. 431.

There is nothing in the statute of 1897 which discloses a clear legislative intent that it shall have a retroactive effect. Antecedent statutes in pari materia seem to strengthen this view. In the act of 1897 it is provided that, whenever certain conditions shall exist, the trust may be terminated. There was a prior statute (chapter 452, p. 939, of the Laws of 1893) which amended section 63 of the statute of uses and trusts, and by which it was provided:

"That whenever the person beneficially interested in the whole or any part of the income of any trust heretofore or hereafter created, for receipt of the rents and profits of land, or the income of personal property, shall have heretofore become or may hereafter be or become entitled in his or her own right

\* \* \* to the remainder in the whole or any part of the principal fund so held in trust, subject to such estate for a life or lives or a shorter term, then \* \* \* it shall and may be lawful for such person so beneficially interested \* \* \* to make and execute a conveyance or release duly acknowledged \* \* \* and thereupon the estate of the trustee or trustees \* \* \* shall cease and determine and the trust estate for a life or lives or for a shorter term so far as it affects the whole of such portion of the income and principal fund to the remainder of which said person so releasing has heretofore become or may. hereafter become entitled, shall be and become, forthwith, merged in such remainder or reversion."

Section 83 of the real property law (chapter 547, p. 572, of the Laws of 1896) is to the same effect, but in that section the words "any trust heretofore or hereafter created" are omitted. Those words are also absent from section 3 of the personal property law. Their absence indicates the expression of a legislative intent to make a change from the act of 1893, and to expunge from the law that provision which would make it applicable to trusts created before its passage. The retention of the word "whenever" in the act of 1897 is not evidence of a legislative intent that the statute should have the same construction as if the expunged words had been retained, and it may be well inferred that the words were omitted from the re-enactment of a general rule in order to avoid the objection that a statute of this character should not have retroactive operation. Therefore, considering the right asserted by the plaintiff as being one claimed only under the provisions of the act of 1897, we are of the opinion that the trust cannot be terminated under that act.

It is contended that the act of 1897 does not differ from the act of 1893 in substance, and that it is a substantial re-enactment, so far as personal property is concerned, of the provisions of the law of 1893. The act of 1893 was repealed by the act of 1897; but, even if the latter act is to be regarded as re-enacting and continuing the act of 1893, the trust cannot be terminated under either act.

In construing the act of 1893, we are in accord with the views expressed by the Appellate Division in the Fourth Department, namely, that the legal estate in the trust fund is in the trustee, and it thereby became property in his hands, "and it is difficult to see how it is within the province of either courts or Legislatures to deprive him of that property without due process of law." Oviatt v. Hopkins, 20 App. Div. 168, 46 N. Y. Supp. 959. Undoubtedly there was, prior to the enactment of the Revised Statutes, a very limited power in courts of equity to dissolve trusts under certain circumstances; but as remarked by Maynard, J., in Cuthbert v. Chauvet, 136 N. Y. 328, 32 N. E. 1088, 18 L. R. A. 745, such courts "have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created," and "trusts which have become impossible of performance because of the existence of conditions not anticipated or foreseen when they were created are of this character; also marriage settlements, where the marital relation has been annulled, and other kindred cases. There was also a larger class, where the court would decree dissolution of the trust upon the application of all the in-

terested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interests created by it had become vested. 2 Perry on Trusts (3d Ed.) § 920; Bowditch v. Andrew, 8 Allen, 341. Even then the assent of the trustee was essential to the exercise of jurisdiction."

Whether the limited power of the court of chancery to dissolve a trust was taken away by the section of the Revised Statutes which declared the trust interests to be inalienable, it is not necessary to inquire. Here the trustee has not consented to the destruction of the trust. No such consent is given in the submission. The only stipulation on the part of the trustee is that, in the event of the court deciding that the trust has been terminated, judgment may be entered that the fund be paid over to the plaintiff. That is not a consent to the destruction of the trust. Such a consent should be express and unequivocal. We can draw no inferences, for in the submission of a controversy the action of the court is confined to facts agreed upon. Nothing can be inferred, nor can the court in any manner depart from or go beyond the statement presented. Fearing v. Irwin, 55 N. Y. 486.

But even if the foregoing views respecting the retroactive effect of the statute are not correct, the trust created by the testator cannot be terminated, for the conditions do not exist which would authorize that being done. The policy of the law preventing the inalienability of property held in trust under such a trust as that contained in this will has been changed by the statute only in the one particular case specified therein. It is not the intention of this statute to destroy trusts which must be preserved in order to carry out the intention of a testator. Its purpose is merely to remove the shackle of a trustee's title and estate to and in property, the full and actual ownership of which vests in the beneficiary. In this case the beneficiary is not completely and absolutely entitled to the whole estate. Her right to the income is conditional. It is hers for life or until she remarries. The intention of the testator is that she shall cease to be entitled to the income on her remarriage. That intention—lawful, enforceable, and subject to no limitation at the time the will was made—cannot be destroyed. If effect were given to the statute, and the fund were transferred to the widow, she might marry the next day, and thus defeat the plain testamentary intention of her husband. This view finds some support in the opinion of the court in Matter of United States Trust Co., 175 N. Y. 304, 67 N. E. 614. The statute is not one for the benefit of the remaindermen. They could sell and transfer their interests without its permission. It is a release of the life interest that the statute provides for. The widow does not own a life interest absolutely, but only conditionally.

We think the proper construction of the statute is that, where the beneficiary's right to the income or to the remainder is conditional, the statute does not apply, for it is a self-operating statute, and, where it does apply, the estate of the trustee ceases by force of the statute itself. It has wrought great confusion, and great wrong may be done under its authority. Happily the Legislature

has recognized it to be of that character, and has wisely abolished it, restoring the law concerning the inalienability of the beneficiary's interest to the condition it was in under the Revised Statutes. Chapter 88, p. 239, Laws 1903.

Judgment should be directed on the submission for the defendants, with costs. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. I dissent, and am of opinion that it is competent for the Legislature to regulate the dissolution of existing trusts in the manner provided by the act of 1897, which statute, I think, was designed to apply to existing as well as to future trusts.