(112 App. Div. 231)

### WEISBERG v. WEISBERG.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. MARRIAGE—PARTIES—COMPETENCY—ANNULMENT.
   Where at the time plaintiff and defendant, who were uncle and niece, were married such marriage was not incestuous by statute, and plaintiff contracted the same voluntarily, and with full knowledge of her relationship to defendant, she could not have the same annulled after cohabiting with defendant as his wife for more than 14 years, and bearing 2 children as the result of the marriage, on the sole ground that such marriages were subsequently prohibited by Laws 1893, p. 1387, c. 601, as amended by Laws 1896, p. 215, c. 272.

2. CONSTITUTIONAL LAW—STATUTES—DECLARATION OF EXISTING LAW—ENCROACHMENT ON JUDICIARY.
   It is not within the province of the Legislature to enact laws declaring what the law of the state was at any prior time, as such enactment constitutes an infringement on the power of the judiciary.

3. STATUTES—RETROACTIVE OPERATION—MARRIAGE—COMPETENCY OF PARTIES.
   Laws 1893, p. 1387, c. 601, as amended by Laws 1896, p. 215, c. 272, prohibiting marriage between uncles and nieces, was not retroactive, so as to invalidate a prior marriage between such relatives.

4. MARRIAGE—COMPETENCY OF PARTIES—INCEST.
   A marriage between uncle and niece, of statutory age, neither of whom is disqualified by any statutory law, is not incestuous, and cannot be deemed so in the administration of either the civil or criminal law.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Marriage, §§ 28, 98.]

Appeal from Trial Term, New York County.

Suit by Jennie Weisberg against Morris Weisberg. From a decree in favor of defendant, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

S. A. Potter, for appellant.
Jacob R. Schiff, for respondent.

LAUGHLIN, J. This is an action to annul a marriage contract, on the ground that the marriage was incestuous and void owing to the fact that the parties stood in the relationship to each other of uncle

and neice; the wife being the daughter of the husband's sister. The plaintiff's case as presented by the complaint does not commend itself to the favorable consideration of the court. She does not show that she was of immature age or under any disability at the time of the marriage, or that any fraud or deception was practiced upon her, or that she did not of her own free will contract and consummate the marriage with full knowledge of the relationship between her and the defendant. She coolly alleges that she and the defendant were married in the city of New York on the 22d day of March, 1891, and that two children, aged 12 and 10 years, respectively, have been born to them as the issue of such marriage. She does not aver that they have not lived happily together, or even that they have separated with or without cause, or that the children are deficient physically or mentally in consequence of the close consanguinity of the parents, or that there is danger of further issue with like misfortune. She merely alleges the bald fact that her husband is her uncle, and, after voluntarily cohabiting with him for more than 14 years, she asks the court to annul the marriage on the ground of relationship alone, and thereby further disgrace her children, her husband, and herself. In the early jurisprudence of this state, Chancellor Kent, after carefully reviewing the authorities, including Harrison v. Busswell, 6 Ventris, vol. 2, p. 9, upon which the appellant relies, announced the doctrine that, in the absence of statutory law, the courts would not be warranted in going further in declaring marriages incestuous and void than marriages in the direct line of consanguinity and between brothers and sisters in the collateral line. Wightman v. Wightman, 4 Johns. Ch. 343; Campbell v. Crampton, 8 Abb. N. C. 363. Since the regulation of marriages by statutory law in this state, marriage has been regarded as a civil contract, which any person competent to make other contracts, and not disqualified by statute, was competent to make. Ever since the enactment of the Revised Statutes, our statutory law has prescribed disqualifications rendering parties ineligible to contract marriage; and not only have the age of consent and other essential prerequisites been specified, but marriage within certain degrees of consanguinity, not, however, extending to uncles and neices or nephews and aunts, have been prohibited. 2 Rev. St. p. 139, pt. 2, c. 8, tit. 1, § 3; In re Williams, 2 City Ct. R. 143. Marriages between uncles and neices are now prohibited, but they were not prohibited until after this marriage took place. Chapter 601, p. 1387, Laws 1893, as amended by chapter 272, p. 215, Laws 1896. There is no force in the argument that this statute should be regarded as declaratory of existing law. It is the province of the Legislature to enact laws, not to adopt resolutions or pass statutes declaring what the common law or any other law was in this state at any prior time. That would be trespassing on the functions of the judiciary. "The Legislature has no power to assume the functions of the judiciary to determine controversies among citizens, or even to expound its own laws so as to control the decisions of the courts in respect to past transactions. People v. Supervisors, 16 N. Y. 432. To declare what the law shall be is a legislative power; to declare what it is or has been is judicial." People ex rel. McDonald v. Keeler, 99 N. Y. 480, 2 N. E. 615, 52 Am. Rep. 49. The statute

under consideration cannot be given a retroactive effect. If the marriage was valid when made, it is protected by the federal Constitution from impairment by any Legislature. It is idle to argue that, since by legislative enactment such marriages are now declared to be incestuous and void, they must have always been incestuous and void. One day certain acts are lawful, although disapproved of by most people. The opposition takes form, and later on such acts are prohibited· by the Legislature. What is to-day lawful may to-morrow, if ·not protected by the federal or state Constitution, be declared a crime, or prohibited by legislative authority.

·∴ The argument of the learned counsel for the plaintiff that his client by continuing to live with her uncle is violating the provisions of section 302 of the Penal Code declaring incest a crime punishable by imprisonment for not more than 10 years emphasizes the argument already made. A marriage between parties of the statutory age, neither of whom is disqualified by any statutory law, is not incestuous, and cannot in the administration of either the civil or the criminal law of this state be deemed incestuous.

It follows that the interlocutory judgment, which in such case, since the complaint cannot be cured by amendment, should have been a final judgment, should be affirmed, with costs. All concur.

