(53 Misc. Rep. 140.)

GARRETT v. DUCLOS.

(Supreme Court, Special Term, New York County.   February, 1907.)

TRUSTS—RIGHTS OF BENEFICIARIES—ASSIGNMENTS.

> A testator bequeathed certain money to executors, in trust to pay the
> net income to her two sisters in equal shares and the entire income to
> the survivor, and on her death to pay over the trust fund to such persons
> as such surviving sisters should by will or otherwise direct. *Held*, that
> the right of either beneficiary in the trust fund is, by the direct provisions
> of Personal Property Law, Laws 1897, p. 508, c. 417, § 3, incapable of as-
> signment, so that an assignment by the beneficiaries of the income and
> the principal fund was ineffectual.

Action by Alonzo B. Garrett against Bianca E. Duclos to declare a
trust terminated.   Demurrer to the complaint sustained.

Edward J. Maxwell, for plaintiff.
Gibson Putzel, for defendant.

BLANCHARD, J.   The complaint sets forth a will providing as
follows:

"First. I give and bequeath unto my executors hereinafter named, or such
of them, as may qualify, the sum of twelve thousand dollars, for them to have
and to hold the same in trust nevertheless, to and for the following uses and
purposes, namely:   To invest and keep the same invested, to receive the rents,
issues and profits thereof, and to pay one-half of the net rents, issues and prof-
its so received to my sister Adelaide Duclos during the term of her natural
life, and the remaining one-half of the said net rents, issues and profits to my
sister Amalia Duclos during the term of her natural life; upon the death of
either one of my said sisters, whichever one shall die first, to pay the entire
net rents, issues and profits to the surviving sister during the term of her nat-
ural life;   and upon the further trust at the death of the surviving sister to
transfer and pay over the principal or corpus of the estate held in trust as
aforesaid to such person or persons and in such manner as said surviving sister
shall during her lifetime by will or otherwise have directed."

Adelaide Duclos and Amalia Duclos have both assigned to the
plaintiff herein all their rights to the income and to the corpus of their
respective legacies.   The plaintiff then tendered to the defendants,
who are trustees under the will, certain instruments by which they
claim said assignment, and have demanded the delivery of the corpus
of the trust.   The defendants have refused to comply with the demand.
The complaint prays that the trusts be terminated and that the de-
fendants be directed to pay over the trust fund to the plaintiff.   The
defendants demur on the ground that no cause of action is stated.

Article 1, § 3, of the personal property law (Laws 1897, p. 508, c.
417), provides as follows:

"The right of the beneficiary to enforce the performance of a trust to receive
the income of personal property, and to apply it to the use of any person, can-
not be transferred by assignment or otherwise; but the right and interest of
the beneficiary of any other trust in personal property may be transferred.
Whenever a beneficiary in a trust for the receipt of the income of personal
property is entitled to a remainder in the whole or a part of the principal fund
so held in trust, subject to his beneficial estate for a life or lives, or a shorter
term, he may release his interest in such income, and thereupon the estate of
the trustee shall cease in that part of such principal fund to which such bene-
ficiary has become entitled in remainder, and such trust estate merges in such
remainder."

104 N.Y.S.—19

According to the first sentence of this section the assignment by Adelaide Duclos and Amalia Duclos to the plaintiff of their respective interests was forbidden by law. Lent v. Howard, 89 N. Y. 169; Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236. The fact that this illegal act, if effectual, would have merged in the same person the life estates and the remainder in the fund, and therefore apparently bring the case within the second sentence of the section above quoted, cannot avail the plaintiff. Not only is the initial illegality of the assignment an insuperable bar to the effectuation of the plaintiff's purpose, but the very endeavor of the plaintiff to accomplish, in the indirect manner described, the evasion of the statute and the frustration of the testator's purpose to provide a life income to Adelaide Duclos and Amalia Duclos, will not be countenanced by the courts. Metcalfe v. Union Trust Co., 87 App. Div. 144, 149, 84 N. Y. Supp. 183, affirmed 181 N. Y. 39, 48, 73 N. E. 498.

Demurrer sustained.