ISABELLE E. ATKINSON, Plaintiff, *v.* BLANCHARD P. ATKINSON, Defendant.

Supreme Court, Kings Special Term, November, 1923.

**Statutes — Domestic Relations Law, § 6(3).**

The amendment (Laws of 1922, chap. 279) to section 6(3) of the Domestic Relations Law does not render void a marriage which theretofore had been voidable.

MOTION for judgment on pleadings.

*Austin, McLanahan, Merritt & Ingraham*, for plaintiff.

*Harry N. Selvage*, for defendant.

HAGARTY, J.  The defendant moves for judgment on the pleadings, which consist of the complaint, the amended answer and the reply.  The action is for a separation, upon the grounds of cruel and inhuman treatment and abandonment.

The defendant, in his amended answer, alleges that, at the time of the marriage between the parties, the plaintiff, by a prior marriage not dissolved or annulled, had a husband living and known to her to be living at the time of the second marriage.  The plaintiff's reply, served pursuant to an order of this court, admits that, at

the time of her marriage to the defendant, she had been previously married in the year 1891; that that marriage had never been dissolved or annulled, and that her first husband was then, and still is living. She alleges further that, at the time of her marriage to the defendant, her first husband had absented himself for more than five successive years without being known to the plaintiff to be living during that time, and that she then believed him to be dead; that at and prior to the marriage between the parties to this action, defendant knew of plaintiff's prior marriage and of all the surrounding facts and circumstances.

It is not a defense to such an action as this that the marriage is voidable (*Murphy* v. *Murphy*, 194 App. Div. 395) unless a decree adjudging it to be void has been obtained. That the marriage was void is a good defense. *Audley* v. *Audley*, 196 App. Div. 103. The sole question involved in this case is whether or not section 6 of the Domestic Relations Law, as amended in 1922, renders void a marriage which theretofore had been voidable. In my opinion, it does not.

The marriage between the parties took place on June 24, 1901, and its status must be determined by the statute existing at that date. This was the Domestic Relations Law of 1896 (§§ 3, 4), which, so far as the questions here presented are concerned, is identical with the Domestic Relations Law of 1909 (§§ 6, 7) before the amendment of 1922. Section 6 of that statute provides that if the former husband or wife of one of the parties to a marriage is living the second marriage shall be void, *unless* the former marriage has been dissolved or the former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living. Section 7 then provides that the second marriage is void only from the time that its nullity is declared by a court of competent jurisdiction. The amendment of 1922 (Laws of 1922, chap. 279, § 6) provides that " such a marriage is absolutely void, unless such former marriage has been dissolved pursuant to section 7-a of this chapter." The law was thus changed and cannot be given a retroactive effect. The marriage relation is a civil contract, and rights become fixed under it, such, for instance, as the right of dower and the rights of children by reason of the validity of the marriage contract. I do not agree with the contention of counsel for the defendant, that property rights do not become vested by virtue of the relationship. The right to recover damages resulting from the breach of the contract to marry has long been recognized. This cause of action would not lie if property rights were not recognized and involved in the marriage contract itself.

It was not the intention of the legislature by the amendment of 1922 to make void marriages which theretofore had been voidable only. If the amendment is to be so construed it is unconstitutional as impairing the obligations of contracts. *Weisberg* v. *Weisberg*, 112 App. Div. 231. The reply admits such of the allegations of the answer as tend to show the marriage to be voidable, but controverts those tending to show the marriage to be void.

Motion for judgment on the pleadings denied, with ten dollars costs.

Ordered accordingly.