Isabelle E. Atkinson, Respondent, *v.* Blanchard P. Atkinson, Appellant.

Second Department, January 11, 1924.

**Husband and wife — action by wife for separation — defense that wife's former husband was living when present marriage was contracted — reply alleged that former husband had been absent more than five years prior to present marriage without being known to plaintiff to be living — Domestic Relations Law, § 6, subd. 3, as amended by Laws of 1922, chap. 279, is not retroactive — judgment on pleadings in favor of defendant properly denied.**

A marriage contracted prior to the amendment of subdivision 3 of section 6 of the Domestic Relations Law by chapter 279 of the Laws of 1922 is not rendered absolutely void by said statute as amended, which provides that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless said former marriage has been dissolved pursuant to section 7-a of the Domestic Relations Law, for said amendment is not retroactive, and marriages contracted prior to its enactment, where one of the parties had a husband or wife living, are controlled by said section 6 as it then existed and are voidable merely and are valid for all purposes until declared void.

Accordingly, the court in this action for separation brought by a wife properly denied defendant's motion for judgment on the pleadings, since it appears that while the answer alleged as a defense that the plaintiff was married prior to the marriage between the parties hereto and that her former husband was living at the time the marriage was contracted and that at that time the plaintiff represented that she had been divorced from her former husband, plaintiff's reply admitted the former marriage but alleged that her former husband had been absent for more than five successive years prior to the date of her marriage to the defendant without being known to be living during that time.

Appeal by the defendant, Blanchard P. Atkinson, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 15th day of November, 1923, denying his motion for judgment on the pleadings, consisting of a complaint, an answer and a reply.

*H. Preston Coursen,* for the appellant.

*Harry N. Selvage,* for the respondent.

Kelby, J.:

The plaintiff wife, after marriage to the defendant nearly twenty-two years ago, brought an action for separation against her husband, alleging cruelty and abandonment as the grounds. The defendant set up, as an affirmative defense, that prior to the performance of the ceremonial marriage with him, and on February 8, 1881,

the plaintiff had been married to one Robert H. Boyd; that such marriage had not been annulled or dissolved, and that Boyd was living at the time of the performance of the ceremonial marriage aforesaid.   The defendant also alleged that the ceremony between him and the plaintiff was entered into by him in good faith and on the express assertion of the plaintiff that she had obtained a divorce from Boyd; that defendant had no knowledge, until after March 25, 1923, that such divorce had not been obtained; and that when the fact did come to his knowledge he ceased to cohabit with the plaintiff.

Replying to the affirmative defense, the plaintiff admitted that she and Boyd were married in 1881, and that the marriage had not been dissolved or annulled.   She alleged that she and Boyd separated in 1894; that thereupon Boyd " left for parts unknown and absented himself for more than five successive years " prior to the date of her marriage with defendant, " without being known to the plaintiff to be living during that time; " that subsequent to June, 1894, she did not see or hear from Boyd, " except an unconfirmed rumor that he had died in Mexico," until after the commencement of the action, although she had made repeated efforts to ascertain if he was living; and that at the time of her marriage with defendant she believed that Boyd was dead.   She also alleged that defendant had full knowledge of her prior marriage with Boyd, and of the fact that it had not been dissolved or annulled; that, having such full knowledge, the defendant informed her that she was free to marry him; that at the instigation of defendant she consulted a lawyer, who also informed her that she was free to marry; and that thereupon her marriage with defendant was performed.

After service of the reply the defendant moved for a dismissal of the complaint on the pleadings, and the motion was denied. (121 Misc. Rep. 659.)

At the time of the ceremony between plaintiff and defendant, and until March 25, 1922, section 6 (formerly section 3) of the Domestic Relations Law read:

" § 6. Void marriages.   A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless    *    *    *

" 3. Such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time."   (See Dom. Rel. Law of 1896, § 3, subd. 3; re-enacted by Dom. Rel. Law of 1909, § 6, subd. 3, as amd. by Laws of 1915, chap. 266.)

During the existence of this statute a marriage contracted by

a person whose husband or wife by a former marriage was still living but who had absented himself or herself for five successive years then last past without being known to such person to be living during that time, was not void, but voidable merely, and was valid for all purposes until declared void. (See *Price* v. *Price*, 124 N. Y. 589; Dom. Rel. Law of 1896, § 4, subd. 5; Dom. Rel. Law of 1909, § 7, subd. 5; repealed by Laws of 1922, chap. 279, in effect March 25, 1922. See, also, Gen. Constr. Law, §§ 93, 94.)

By chapter 279 of the Laws of 1922, known as the Enoch Arden Law, the aforesaid subdivision 3 of section 6 was amended so as to read as follows:

" § 6. Void marriages. A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless   *   *   *

" 3. Such former marriage has been dissolved pursuant to section seven-a of this chapter."

Section 7-a of the Domestic Relations Law (as added by Laws of 1922, chap. 279) provides:

" § 7-a. Dissolution of marriage on ground of absence. A party to a marriage may present to the Supreme Court a duly verified petition showing that the husband or wife of such party has absented himself or herself for five successive years then last past without being known to such party to be living during that time; that such party believes such husband or wife to be dead; and that a diligent search has been made to discover evidence showing that such husband or wife is living, and no such evidence has been found. The court shall thereupon by order require notice of the presentation and object of such petition to be published in the same manner as required for the publication of a summons in an action in the Supreme Court where service of such summons is made by publication; such notice shall be directed to the husband or wife who has so absented himself or herself and shall state the time and place of the hearing upon such petition, which time shall be not less than twenty days after the completion of the publication of such notice; and if the court, after the filing of proof of the proper publication of said notice and after a hearing and proof taken, is satisfied of the truth of all the allegations contained in the petition, it may make an order dissolving such marriage."

By virtue of this amendment, a marriage contracted by a person whose husband or wife by a former marriage is living, but who has absented himself or herself for five successive years then last past without being known to such party to be living during that time,

is absolutely void unless before its performance the first marriage has been dissolved in the manner prescribed.

If, then, this amendment is retroactive, the marriage between the plaintiff and the defendant is void, and the defendant is entitled to judgment on the pleadings. If, on the other hand, the amendment is prospective, the marriage is voidable merely, and the plaintiff is entitled to go to trial.

A retroactive statute, especially where it abolishes an existing status or curtails an existing right, finds as little favor in the civil branch of the courts as does an *ex post facto* law in the criminal branch. It is because of this that a statute is deemed to be prospective unless the Legislature otherwise expressly prescribes, or unless an intent to make it retroactive is discoverable in the act itself. " Neither original statutes nor amendments have any retroactive force, unless in exceptional cases the Legislature so declare." (*Matter of Miller*, 110 N. Y. 216; *Quinlan* v. *Welch*, 141 id. 158, 165.) In *People ex rel. Newcomb* v. *McCall* (94 N. Y. 587), quoted in *Quinlan* v. *Welch*, the court say: " It is a general rule, often reiterated and laid down in reported decisions, that laws should be so construed as to be prospective and not retrospective in their operations, unless they are specially made applicable to past transactions and to such as are still pending." And the court say in *Metcalfe* v. *Union Trust Co.* (87 App. Div. 144): " It is a general principle of law that statutory, and even constitutional, provisions which diminish rights arising out of past transactions are to be construed as operating only *in futuro*, and that such laws never have a retroactive effect, unless it is expressly so provided, or a clear intention on the part of the Legislature is manifest that they shall have such an effect." Where the plain meaning of the act requires that it be given a retroactive effect, and neither vested rights nor existing contracts are thereby destroyed, the intent of the Legislature may prevail. (See *People ex rel. Collins* v. *Spicer*, 99 N. Y. 225.) An example of a good retroactive remedial statute is the one instanced in *Brower* v. *Bowers* (1 Abb. Ct. App. Dec. 214), a case relied upon by the appellant. In that case, the statute rendered only voidable those marriages which had previously been absolutely void. (See 2 R. S. 139, § 6.) It is easy to see what the decision would have been had the statute rendered void those marriages which had previously been only voidable. In that case the court added: " I admit the soundness as well as the importance of the principle, that statutes are not to have a retrospective effect. ' The very clear essence of a new law,' said KENT, Ch. J., in *Dash* v. *Van Kleeck*, 7 Johns. 477, ' is, that it is a rule for future cases. But,' says

the same learned jurist, ' this doctrine is not understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights.' "

The theory of the appellant is that marriage is not a contract within the meaning of the provision of the Federal Constitution which prohibits the impairment of contracts. In *Weisberg v. Weisberg* (112 App. Div. 231), in considering the effect of section 2 of the former Domestic Relations Law of 1896 (re-enacting 2 R. S. 139, § 3, as amd. by Laws of 1893, chap. 601; now Dom. Rel. Law of 1909, § 5), making void, as incestuous, marriages between uncles and nieces, the court say: " Since the regulation of marriages by statutory law, in this State, marriage has been regarded as a civil contract which any person competent to make other contracts and not disqualified by statute, was competent to make. * * * ' To declare what the law shall be, is a legislative power; to declare what it is or has been, is judicial.' (*People ex rel. McDonald v. Keeler*, 99 N. Y. 480.) The statute under consideration cannot be given a retroactive effect. If the marriage was valid when made it is protected by subdivision 1 of section 10 of article 1 of the Federal Constitution from impairment by any Legislature."

The plain intendment of the statute under consideration is that it is to be prospective. It provides that a marriage such as we have here shall be void unless before its celebration the former marriage be dissolved in the manner prescribed by section 7-a of the Domestic Relations Law. But the first marriage could not have been dissolved in that manner, for section 7-a was then nonexistent. It cannot be held that the Legislature intended that a marriage performed in accordance with the law existing at the time of performance can be declared void because of a subsequent change in the statute.

The order denying defendant's motion for judgment on the pleadings should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order denying defendant's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements.