In the Matter of the Estate of George Vargo, Deceased.

Surrogate's Court, Suffolk County, December 12, 1952.

*Erdheim & Armstrong* for Mary Vargo, petitioner.

*John J. O'Reilly* for Mary Doyle, respondent.

HAZLETON, S. On this application for letters of administration sought by the petitioner herein who alleges that she is the widow of decedent, objections are filed by the respondent, a daughter of the decedent, who contends that the marriage between petitioner and deceased is void because of the existence of a previous marriage.

The evidence discloses that decedent married Ann Hluska, mother of the respondent, on January 12, 1910, and married Marie Dvorski, petitioner herein, on January 17, 1922. The issue presented for determination, is whether or not the second marriage was validly contracted, entitling petitioner to letters of administration.

The law applicable at the time the second marriage was entered into by decedent provided that: " A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living unless * * * 3. Such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time." (Former Domestic Relations Law, § 6.)

Section 6 of the Domestic Relations Law as above quoted was amended by chapter 279 of the Laws of 1922, effective March 25, 1922, and under such amended statute, obviously the second marriage would be absolutely void under the circumstances in this case. However, the date of the second marriage, January 17, 1922, requires that the law, as existing prior to the amendment, be applied since the amendment was not retroactive in its operation. (*Atkinson* v. *Atkinson*, 207 App. Div. 660.)

From the evidence presented I am satisfied the first marriage was in force when the second marriage was contracted. I am also convinced the decedent knew that his first wife was living when he contracted the second marriage and could have put his hand upon her had he wanted to do so. This conviction is sup-

ported not only by the testimony of the respondent and the witnesses presented in her behalf but by the facts to be adduced from the documentary proof, to wit, the marriage application relating to the second marriage wherein decedent answers " no " to the question of prior marriage, and the affidavit of May 6, 1937, submitted by the decedent in a court action wherein no mention is made of any belief on his part either that his first wife was deceased or that the marriage had been dissolved; on the contrary he states in his affidavit that on several occasions he was informed that his first wife did not intend to claim any support from him, thus indicating his knowledge that she was alive. Thus it is clear to me that the second marriage was one of convenience contracted in bad faith with little regard for the law of the land anent the solemn obligations of matrimony.

Under the circumstances, I hold that the second marriage failed to come within the purview of former subdivision 3 of section 6 of the Domestic Relations Law above quoted and that, therefore, said marriage was and is void from its inception.

The temporary letters of administration granted to petitioner are revoked, and letters of administration are directed to be issued to the respondent, Mary Doyle.

Submit decree accordingly, on notice.