Maximilian Moss, S.
This proceeding was commenced by the executors pursuant to section 145-a of the Surrogate’s Court Act to determine the validity and effect of the widow respondent’s notice of election served and filed pursuant to section 18 of the Decedent Estate Law. However, after commencement of the proceeding, respondent withdrew said issue, and instead submitted for the court’s determination on a basis of conceded facts the issue raised in respondent’s counterclaim for $10,000 with interest from date of decedent’s death.
Respondent in her counterclaim alleges that on April 26, 1945 she and decedent entered into a written agreement wherein inter alia decedent agreed to leave her a legacy of $10,000; that he failed to provide for her in his will which was admitted to probate on June 21, 1962; that the estate is sufficient for all purposes; that she duly performed all the terms, conditions and covenants on her part to be performed; that payment of said amount has been refused although duly demanded; and respondent therefore prays for an award in said amount. Petitioners contend that said agreement between decedent and respondent is unenforcible.
Under the agreement respondent under her maiden name renounced any and all rig'ht, title, interest in any property that decedent was then seized of or might thereafter acquire, as well as to the estate of decedent in the event that he predeceased her. Decedent on his part “ promises and agrees to make a provision in his Last Will and Testament whereby the first party shall receive a bequest in the sum of $10,000.” This *692 is followed Tby the final paragraph: 1 ‘ The reason, purpose and object of this agreement is that the parties thereto intend to marry and become husband and wife, and each having children by a prior marriage, and each being desirous that their children shall inherit their respective property and estate, have entered into mutual or like agreements for the purpose of assuring each to the other, that they will not claim any interest in the estate of the one dying first, except as aforesaid.”
It would appear that the agreement contemplated a marriage in futuro which, though prohibited in this State by reason of the fact that decedent was respondent’s uncle, could have been entered into validly in some other jurisdiction in which event the marriage would be entitled to recognition as valid in this State (Matter of May, 305 N. Y. 486; Weisberg v. Weisberg, 112 App. Div. 231).
The relationship of decedent and respondent was not meretricious. On March 23, 1945, decedent, a widower 72 years old, and respondent, a widow 57 years old, had obtained a marriage license in Brooklyn and entered into a religious marriage ceremony. They lived together for more than 15 years as husband and wife. Their marriage apparently was entered into in good faith. It was solemnized by a Babbi who, in a statement dated June 1, 1953, certified that he united the parties in marriage on March 23, 1945, and that respondent was decedent’s legal wife.
The agreement by decedent to provide a legacy for respondent being in writing satisfies the Statute of Frauds (Personal Property Law, § 31, subd. 7). Matter of Liberman (6 Misc 2d 396, revd. 4 A D 2d 512, affd. 5 N Y 2d 719) strongly relied upon by petitioners is not in point. It deals with an antenuptial contract which contemplated a marriage that would be invalid because of a living spouse, whereas in the instant case there was no impediment to the marriage in a jurisdiction where they could legally marry.
The court determines that the parties entered into a valid bilateral agreement, the mutual promises of the parties constituting sufficient consideration. The legality of the agreement and the rights of the parties thereto were fixed as of the date of the execution of the agreement. The court finds that respondent is entitled to payment of the sum of $10,000 with accrued interest beginning seven months after issuance of letters testamentary.