■ In the Matter of the Estate of ALBERT I. SIMMS, Deceased. HAROLD SIMMS et al., as Executor and Executrix of ALBERT I. SIMMS, Deceased, Appellants; EVA JANKOWITZ, Respondent.— In a proceeding to compel the executors to account, the executors appeal from so much of a decree of the Surrogate's Court, Kings County, dated January 16, 1968 and made after a hearing before a Referee, as adjudged petitioner's claim valid and directed the executors to pay the claim, with disbursements as taxed. Decree reversed, insofar as appealed from, on the law and the facts, and petition dismissed, with costs, payable by respondent personally. Petitioner Eva Jankowitz and her uncle by the half-blood, the testator Albert I. Simms, executed an antenuptial agreement in contemplation of marriage. The agreement provided that petitioner waived her right of election in Simms' estate and that he was to bequeath to her $25,000 in his last will and testament. The agreement also stated that it would become effective " only in the event that the contemplated marriage between the parties shall be solemnized". Petitioner and Simms subsequently married in the State but, approximately one year thereafter, Simms obtained a judgment declaring the marriage null and void as incestuous (Domestic Relations Law, § 5, subd. 3). Simms remarried and on April 29, 1965 he died. His last will and testament, admitted to probate on November 22, 1965, made no provision for petitioner. Petitioner filed her claim, which the executors rejected. At the hearing before the Referee, petitioner, through her attorney, conceded that she would not have entered into the marriage if it were not legal. The executors put into evidence petitioner's amended answer in the annulment action wherein she alleged that Simms had informed her that their relationship was not a " legal bar" and " that he had also consulted a lawyer and a Rabbi who advised him that a marriage between him and * * * [petitioner] would be legal and binding." Nevertheless, the Referee concluded that " the parties intended that the marriage contemplated to be solemnized between them was to be only a religious marriage in accordance with the rites of the Jewish faith"; and that " the agreement * * * became of full force and effect on the solemnization of said religious marriage". Assuming that petitioner's waiver of her right of election is sufficient consideration to support decedent's promise to bequeath $25,000 (see *Dygert* v. *Remerschnider,* 32 N. Y. 629; *Matter of Saffer,* 39 Misc 2d 691, affd. 20 A D 2d 849), the agreement concededly was executed in contemplation of marriage and, clearly, the intended marriage was the reason for the promises contained therein. Consequently, it was incumbent upon petitioner to establish whether the parties intended a religious or a civil marriage and in this respect she failed to sustain her burden of proof. Petitioner's evidence, on the whole, was neutral and inconclusive, whereas the inferences flowing from her concession at the hearing and

from her answer in the annulment action are to the effect that the parties intended a lawful marriage. Accordingly, we have concluded that the findings below are against the weight of the credible evidence. Nevertheless, petitioner urges that *Matter of Saffer* (39 Misc 2d 691, affd. 20 A D 2d 849, *supra*) entitles her to recover at bar. In *Saffer* this court sanctioned recovery by a niece against her uncle's estate, under an agreement executed after solemnization of their marriage by a Rabbi upon the basis of a civil marriage license. At the time of the decedent's death in *Saffer* the spouses had been married approximately 16 years. Although the duration of the marriage does not aid us in determining the legal questions (*American Sur. Co. v. Conner,* 251 N. Y. 1, 10), our determination herein is in nowise inconsistent with the result in *Saffer*. There the petitioner sustained her burden of proof, while at bar petitioner failed to establish that the condition precedent in the agreement did not require a valid civil marriage. Brennan, Acting P. J., Benjamin and Martuscello, JJ., concur; Hopkins, J., concurs in result; Rabin, J., dissents and votes to affirm the decree insofar as appealed from.