Bergan, J.
Petitioner Eva Jankowitz is a niece by the half blood of decedent Albert I. Simms. Her father and Simms were half brothers. The question in the case is whether an antenuptial agreement between them, followed by a religious solemnization of marriage which conformed with the canons of the Jewish faith but which has been held void in a matrimonial action brought in his lifetime by the decedent, remains an enforceable contract. By it the decedent undertook to bequeath $25,000 to petitioner.
The matrimonial judgment declaring the marriage void was based on section 5 (subd. 3) of the Domestic Relations Law. This provides that a marriage between ‘ ‘ An uncle and niece ’ ’ is *166 incestuous and void. It does not expressly include an uncle and niece by the half blood.
This omission would not ordinarily be troublesome since it would be assumed that the term would include relationship by the half blood were it not for the fact that the preceding subdivision 2 of the section, in dealing with marriages between brothers and sisters, spells out both the full and the half blood relationship, i.e., “ A brother and sister of either the whole or the half blood ”.
In this context it seems reasonable to think that if the Legislature intended to prohibit marriages between uncles, nieces, aunts and nephews whose parents were related to the contracting party only by the half blood, it would have used similar language, and its failure to do so in immediate context in dealing with a more remote relationship than brother and sister suggests that it did not intend to put this limited class within the interdiction.
This question was examined closely in 1921 in Audley v. Audley (196 App. Div. 103). In a direct action between the parties for an annulment it was held that a marriage between uncle and niece by the half blood was void. In some part the rationale followed in the opinion by Justice Laughlin was based on the assumption that it would be technically inaccurate to use the term “ half blood ” in relation to uncle and niece; and that this was a probable reason the Legislature did not use the term dealing with this type of marriage.
Still the term is one of common usage and meaning where the parent of the nephew or niece is not a full brother or sister of the contracting party. (See, e.g., the use of the term by Chief Judge Lewis in Matter of May, 305 N. Y. 486, 488, i.e., “ his niece by the half blood ”.) If the Legislature had intended that its interdiction on this type of marriage should extend down to the rather more remote relationship of half blood between uncle and niece, it could have made suitable provision. Its.failure to do so in the light of its explicit language relating to brothers and sisters suggests it may not have intended to carry the interdiction this far.
The Acting Surrogate in deciding that the contract was good in this present case seemed to be of opinion that the statute, *167 in its penal effect at least, did not make this marriage incestuous. In any case there is enough doubt about the language in which the statute is cast to negative its penal consequence in this type of marriage.
But since the marriage has been declared void and has been annulled in a direct action between the spouses (Simms v. Simms, 31 Misc 2d 882, affd. 16 A D 2d 806) it is unnecessary to rest on the question of statutory construction. Decision may turn on whether the antenuptial contract when made was valid; and whether the performance of a religious ceremonial marriage and subsequent cohabitation as husband and wife met its conditions.
That the contract itself is valid is not open to doubt. It did not prescribe where the marriage was to be solemnized. It was not only valid by Jewish law, but it would be valid at least in some jurisdictions outside of New York where it could have been performed and hence the contract was not interdicted as an unlawful agreement (Matter of May, 305 N. Y. 486, supra; Matter of Saffer, 39 Misc 2d 691, affd. 20 A D 2d 849; Weisberg v. Weisberg, 112 App. Div. 231).
Assuming, then, a valid contract when made, it remains to see whether there was a sufficient performance of its terms by the petitioner to require decedent’s estate to pay the amount contracted to be paid. In three places in the agreement the parties referred to the solemnization of the marriage, and in one place it was expressly stated that the agreement became effective “ only in the event that the contemplated marriage between the parties shall be solemnized ” and if it “ shall not be solemnized ” the agreement should be void.
The parties undoubtedly believed the marriage which had been ■solemnized by a Rabbi between them according to Jewish law was valid. Each had stated in the application for the marriage certificate that no legal impediment existed. They lived together as husband and wife for a substantial part of a year when the decedent, apparently contemplating another marriage, brought the action to annul his marriage with petitioner.
On this record the Referee and the Surrogate found that petitioner had performed the essential conditions of the agreement. This finding is consistent with the weight of evidence. Except *168 for the amount of money involved and the length of time they lived together as husband and wife, the present case is exactly the same as Matter of Safer (supra) in which the parties are described as uncle and niece and which involved the validity of an antenuptial agreement.
Moreover, to require the estate to pay the contracted amount offends no public policy of the State. The judgment of annulment itself, in the action which the decedent instituted, required him to pay $50 a week for petitioner’s support on the basis of the relationship created by the void marriage (Domestic Relations Law, § 236). The enforcement of the antenuptial agreement merely continues the obligation thus fixed, for a reasonable time in the future.
The order should be reversed and the decree of the Surrogate reinstated, with costs in this court and in the Appellate Division to all parties appearing separately and filing separate briefs payable out of the estate.