■ 1163 Realty Corp., Respondent, v United Institutional Servicing Corp. et al., Appellants.—In an action to recover moneys wrongfully withheld, defendants appeal from a judgment of the Supreme Court, Richmond County, dated September 19, 1975, which, after a nonjury trial, is in favor of plaintiff and against them. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. In 1965 the plaintiff corporation, a builder of one-family homes, entered into an oral agreement with defendants, mortgage bankers, whereby the latter, for set fees, were to provide plaintiff with construction loans and permanent mortgage financing on a proposed development in Staten Island. Essentially, defendants were middlemen between plaintiff and various banks, although they did use their own funds on a short-term basis pending reimbursement from the banks. All went well until April, 1966 when, for reasons not made clear in the record, bank construction loans from defendants were stopped, leaving plaintiff in precarious financial condition. Closings thereafter proceeded without certificates of occupancy. Plaintiff claimed that its agreement with defendants allowed it to close without such certificates and that certain sums were held in escrow, upon the closings, to insure their eventual delivery. Defendants claimed that plaintiff had agreed to the condition set by the banks providing

the permanent financing, namely, that certificates of occupancy would be secured by the closing, as required by one bank, or within 30 to 60 days after the closing, as required by the other bank, and that plaintiff's failure to timely secure these certificates, plus the conditions of the mortgage market at that time, had prompted complaints from the banks. In August, 1966 defendants began withholding additional moneys out of the sales proceeds upon the closings to cover possible losses if the banks refused to take the mortgages, without discounts, on properties which did not have certificates of occupancy. Plaintiff claims that it acquiesced in the new withholdings under economic duress when defendants refused to schedule further closings without certificates of occupancy. Defendants claim that the parties voluntarily agreed to modify their dealings in this manner because of the circumstances then existing. This new arrangement continued into early 1968. In most cases certificates of occupancy were not secured until one and a-half to two years after title closed, and a few were never supplied. Trial Term found in plaintiff's favor after a trial without a jury. We reverse. In our view plaintiff failed to establish that it had acceded to a wrongful demand for additional withholdings under economic duress. Plaintiff's financial straits stemmed from the prior cutoff of construction loans. Nowhere in this record is there any evidence that defendants brought about this crisis. Rather than demonstrating a wrongful threat by defendants to halt all closings until certificates of occupancy were secured, the record indicates that plaintiff was, essentially, already in breach of the parties' agreement. Even if defendants' demand for additional withholdings was wrongful, plaintiff admittedly failed to investigate alternative financing sources until months later, at the earliest. However, even assuming that plaintiff had agreed to a wrongful demand under duress, the complaint must fall for failure to promptly disaffirm (see, e.g., *Port Chester Elec. Constr. Corp. v Hastings Terraces,* 284 App Div 966). Plaintiff asserts that the withholdings were protested upon each and every closing. However, the testimony of its own attorney and of one of its officers, as well as that of defendants' former officers, disputes this. No written protest was ever made and plaintiff continued to close with defendants with respect to commitments issued after August, 1966, some of which expressly provided for additional discounts. The instant suit was not commenced until almost three years after the last closing, which involved a challenged discount, and the claim of economic duress was not raised in the pleadings but, apparently, only in an examination before trial some three years later. Martuscello, Acting P. J., Latham, Margett and Damiani, JJ., concur. [83 Misc 2d 19.]