OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the case remitted to Supreme Court for entry of an order directing a partnership accounting and, incidental thereto, a determination of the liability, if any, of the estate of Rose Rabey to the partners, and the judgment against Nor ah Maroulis individually vacated and the complaint against her dismissed.
As to recovery if any, with respect to the liability of the estate of Rose Rabey, we agree with the dissenters at the Appellate Division, and for the reasons stated in the dissenting opinion of Justice Samuel J. Silverman, that there must be a partnership accounting prior to the determination of the amount of any such liability.
On oral argument it was conceded that the estate of Rose Rabey was liable to the partnership with reference to the call notice dated May 22,1975. By express provision of the partnership agreement, however, the partnership was dissolved by the death of Rose on July 22, 1975, and the parties have stipulated that the reformation agreement, although dated as of August 18, 1975, was not executed until after November 19, 1975. Accordingly, no partnership was in existence at the time of the call notices issued on August 7 and September 18, 1975, and there was no legal authority for their issuance.
Without regard to whether the appointment of the remaining partners as attorneys-in-fact for a deceased part *1009 ner survived the death of the deceased partner as a power coupled with an interest, it is unquestioned that each partner, including Rose, bound his or her estate to reform a partnership after the dissolution of the prior partnership in consequence of the death of a partner. While Rose’s estate could not be forced to reform the partnership, if a proper basis were established the estate might be held liable in damages for breach, in November, 1975, of Rose’s agreement to do so (Napoli v Domnitch, 18 AD2d 707, affd 14 NY2d 508).
With respect to the liability of Norah Maroulis individually, we find no predicate in the record for the judgment entered against her. The only provision in the stipulation between the parties in reference to commingling of funds by her is that set forth in paragraph 27 thereof. Contrary to the recital in the majority opinion at the Appellate Division, the stipulation in that paragraph is that Norah commingled moneys to which her mother, Rose, was entitled with moneys of her own “for a period of approximately five years prior to Mrs. Rabey’s death on July 22, 1975”. There is no proof in the stipulation or otherwise of any commingling by Norah, qua executrix, of moneys belonging to her mother’s estate, or of any depletion by her of the assets of her mother’s estate to defeat the claims of the partnership against the estate. Accordingly, there is no legal basis for assertion against Norah individually of liability for the obligations of her mother’s estate.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order reversed, with costs, judgment against Norah Maroulis individually vacated and the complaint against her individually dismissed, and case remitted to Supreme Court, New York County, for entry of an order and further proceedings in accordance with the memorandum herein.