■ NORAH MAROULIS et al., Respondents, v 64TH STREET-THIRD AVENUE ASSOCIATES et al., Appellants. NORAH MAROULIS et al., Respondents, v 64TH STREET-THIRD AVENUE ASSOCIATES et al., Respondents, and DAVID BERG, Appellant. (And Another Action.)—Amended interlocutory judgment of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on July 21, 1989, which, *inter alia,* directed defendants to account to plaintiff for the affairs of the partner-

ship up to October 13, 1988, unanimously affirmed, without costs. Order of said court entered on July 5, 1989, which, *inter alia,* granted plaintiff's motion to reargue to the extent of directing said accounting to be for the period up to and including October 13, 1988, unanimously modified, on the law, to the extent of granting such motion to the further extent of fixing the date of dissolution of the partnership as July 22, 1985 and the order is otherwise affirmed, without costs. Appeals from the decisions of said court entered on or about September 18, 1988 and May 4, 1989, respectively, dismissed as nonappealable, without costs. Appeal from the interlocutory judgment of said court entered on November 22, 1988 dismissed as superceded by the appeal from the amended interlocutory judgment, without costs.

On defendants' prior appeal to this court, we rejected the contentions for dismissal grounded upon failure to join necessary parties and Statute of Limitations (133 AD2d 584; *see also, Hotel Prince George Affiliates v Maroulis,* 62 NY2d 1005, *revg* 98 AD2d 652). No basis is demonstrated under the governing partnership agreement to support the conclusion that 1975 inter vivos transfers of fractional partnership interests to existing partners and their children caused dissolution of the partnership. Further, no such claim was made for 13 years following such transfers. Therefore, the proper date of dissolution for purposes of the accounting is the date of death of one of the partners, July 22, 1975. We do not read the direction that the accounting cover the period through October 13, 1988 as mandating a recovery to plaintiff pursuant to Partnership Law § 73 where plaintiff's interest in the partnership was arguably worthless on the date of dissolution. That issue is left for further proceedings. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.