■ ORDINARY GUY, INC., et al., Respondents, v JUNIPER RELEASING, INC., Appellant. [604 NYS2d 226] —In an action, *inter alia,* for an accounting and to recover damages for breach of contract, the defendant appeals, as limited by its brief, from a judgment of the Supreme Court, Nassau County (Segal, J.), entered March 9, 1993, which, upon an order of the same court (O'Shaughnessy, J.), entered May 10, 1991, (1) denying the defendant's motion for summary judgment dismissing the plaintiffs' first and second causes of action, (2) granting the branch of the plaintiffs' cross motion which was for partial summary judgment on their first cause of action to the extent of directing the defendant to render an accounting to the plaintiffs, and (3) granting the branch of the plaintiffs' cross motion which was for partial summary judgment dismissing the defendant's second and third counterclaims, awarded the plaintiffs the principal sum of $350,000. The defendant's notice of appeal from the order entered May 10, 1991, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The defendant entered into an agreement to act as the distributor of a film produced by the plaintiffs. The agreement provided that the defendant would act as the plaintiffs' "sole and exclusive agent" in connection with the marketing of the film to network, cable and syndicated television, and that the defendant would "receive and hold in trust" the plaintiffs' share of income from the film. In return, the defendant was entitled to, *inter alia,* a distribution fee of 15.29% for sales of the film to network television. The agreement provided that the defendant give the plaintiffs periodic statements setting forth, *inter alia,* the gross receipts it received from distribution of the film and the amounts due the plaintiffs. Furthermore, the agreement provided that the plaintiffs were entitled

to audit the defendant's books and records in order to verify the film's income.

The plaintiffs commenced this action, *inter alia,* for an accounting and to recover damages for breach of contract. The plaintiffs alleged that the statements the defendant had issued did not properly account for the income from the film.

The defendant counterclaimed for, *inter alia,* revision of the agreement. The defendant alleged that the parties had originally agreed to a distribution fee of 20% and that it was forced to accept 15.29% under economic duress.

The plaintiffs are entitled to a judicial accounting in view of the fiduciary relationship which existed between the parties *(see, Grossman v Laurence Handprints—N. J.,* 90 AD2d 95, 104). Contrary to the defendant's contentions, the statements that it issued did not constitute accounts stated, since the plaintiffs questioned the correctness of the statements within a reasonable time after receiving them *(see, Rodkinson v Haecker,* 248 NY 480, 484-485). While the plaintiffs were entitled to audit the defendant's records, an audit is not a substitute for a judicial accounting *(see, Hotel Prince George Affiliates v Maroulis,* 62 NY2d 1005, 1007, *revg* 98 AD2d 652 *for reasons stated in dissenting opn of Silverman, J.).* Under these circumstances, the Supreme Court properly directed the defendant to render an accounting *(see, Novaro v Jomar Real Estate Corp.,* 163 AD2d 69).

The defendant's counterclaim for revision of the agreement on the ground of economic duress was properly dismissed. The defendant never repudiated the agreement and, in fact, ratified its terms by continuing to market the film for the agreed upon fee even after the alleged duress had ceased *(see, 1163 Realty Corp. v United Institutional Servicing Corp.,* 55 AD2d 908).

We have reviewed the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.