knowingly and intentionally lied when he testified before the Grand Jury and thus the judgment convicting defendant of perjury in the third degree must be reversed (*see, People v Rosano,* 69 AD2d 643, *affd* 50 NY2d 1013). "A person is guilty of perjury in the third degree when he swears falsely" (Penal Law § 210.05). "A person 'swears falsely' when he intentionally makes a false statement which he does not believe to be true (a) while giving testimony" (Penal Law § 210.00 [5]). Thus, more is required to sustain a conviction for perjury than mere falsity (*see, People v Rosano, supra,* at 659). Although materiality is not an element of perjury in the third degree, to establish perjury it is still necessary to prove that the false testimony was given willfully and knowingly (*People v Samuels,* 284 NY 410, 415). Thus, it must be proven that defendant intentionally made a false statement and that defendant's " 'conscious objective' " was to tell a falsehood (*People v Rosano, supra,* at 659). Defendant, an off-duty police officer, testified at trial that he did not intentionally lie when he testified before the Grand Jury that he discharged a Smith and Wesson gun instead of the unregistered Colt gun. He offered the plausible explanation that both guns were in the glove compartment of his car and that he believed that he had grabbed the Smith and Wesson rather than the Colt gun. The People did not offer any evidence, other than mere surmise, to establish that defendant intentionally lied about the identity of the gun that he used that morning. Indeed, the make and model of the gun were irrelevant to the other charges in the indictment. (Appeal from Judgment of Supreme Court, Erie County, Griffith, J.—Perjury, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.

■ J. D. Liffiton et al., Respondents, v Town of Amherst et al., Appellants. (Appeal No. 1.) [652 NYS2d 567] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.

■ J. D. Liffiton et al., Respondents, v Town of Amherst et al., Appellants. (Appeal No. 2.) [652 NYS2d 567] —Amended order unanimously reversed on the law without costs, motion granted, complaint dismissed and cross motion denied. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment. Plaintiffs failed to establish that the payments were made under economic duress, which would relieve them of the requirement of protesting their payments (*see, Video Aid Corp. v Town of Wallkill,* 85 NY2d 663, 670).