■ SAREPA, S. A., Appellant, v PEPSICO, INC., et al., Respondents, et al., Defendants. [660 NYS2d 995] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 9, 1996, as granted partial summary judgment to the defendants dismissing the plaintiff's causes of action to recover damages for economic duress and fraudulent misrepresentation as to all of the remaining defendants and dismissed the breach of contract cause of action insofar as asserted against Concentrate Manufacturing Company of Ireland d/b/a Seven Up International and Pepsi-Cola de Espana, S. A., and (2) a judgment of the same court, dated November 21, 1996, which, upon a decision of the same court, dated November 13, 1996, made upon reargument, granting summary judgment in favor of all of the remaining defendants, dismissed the complaint in its entirety.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted the defendants' motion for summary judgment and dismissed the plaintiff's complaint in its entirety (*see, Zuckerman v City of New York,* 49 NY2d 557). The plaintiff waived any claims of economic duress by its delay in repudiating the settlement agreements promptly (*see, Sheindlin v Sheindlin,* 88 AD2d 930, 931; *see also, Leader v Dinkler Mgt. Corp.,* 26 AD2d 683, *affd* 20 NY2d 393; *Powell v Oman Constr. Co.,* 25 AD2d 566).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Altman and Florio, JJ., concur.