■ SOCIETE FINANCIERE DE BANQUE, Respondent, v SYLVIE BITTER-LARKIN, Appellant. [670 NYS2d 87] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered February 26, 1997, which granted plaintiff's motion for partial summary judgment upon a promissory note to the extent of awarding plaintiff the principal sum of $300,000, and dismissed defendant's counterclaims, unanimously affirmed, with costs.

The motion court's grant of summary judgment to plaintiff upon its first cause of action and dismissal of defendant's counterclaims was proper. By affirming and ratifying the subject promissory note, defendant waived any claim of economic duress (see, Bank Leumi Trust Co. v D'Evori Intl., 163 AD2d 26, 30-31; 1163 Realty Corp. v United Institutional Servicing Corp., 55 AD2d 908). Were we, however, to reach the merits of defendant's duress claim, it would suffice to observe that neither the threat of a civil lawsuit nor plaintiff's insistence upon the execution of the promissory note or other loan documents following defendant's defaults constituted economic duress (see, 805 Third Ave. Co. v M.W. Realty Assocs., 58 NY2d 447, 452; Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886; Shire Realty Corp. v Schorr, 55 AD2d 356, 365; Oleet v Pennsylvania Exch. Bank, 285 App Div 411, 414-415).

Finally, we note that the motion court was correct in ruling that the integration clauses, contained in the 1990 guarantee and the 1991 restructuring documents executed by defendant, function to preclude defendant from relying on any prior written or oral agreements in support of her counterclaims (see, e.g., Daiichi Seihan v Infinity USA, 214 AD2d 487). We further note that, at all relevant times, defendant was represented by counsel.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Andrias and Saxe, JJ.