■ C & H Engineers, P. C., Respondent, v Klargester, Inc., Appellant. [692 NYS2d 269] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action for nonpayment for engineering services; defendant counterclaimed to recover damages for plaintiff's alleged negligence in providing such services. Supreme Court granted plaintiff's motion for summary judgment dismissing the counterclaim to the extent that it seeks damages in excess of $50,000, thereby enforcing a contractual provision limiting plaintiff's liability and rejecting defendant's contention that the contract was entered into as a result of economic duress.

The court properly granted plaintiff's motion (*see generally, Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; *Austin Instrument v Loral Corp.,* 29 NY2d 124). As a matter of law, plaintiff's exercise or threatened exercise of a legal right did not amount to duress (*see, Niagara Frontier Transp. Auth. v Patterson-Stevens, Inc.,* 237 AD2d 965, 966; *see generally, 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451). Further, plaintiff's withholding of services, even if wrongful, would not have threatened defendant with irreparable harm (*see, Liffiton v Town of Amherst* [appeal No. 2], 234 AD2d 943; *Walbern Press v C.V. Communications,* 212 AD2d 460, 461; *see also, Eldon Group Am. v Equiptex Indus. Prods. Corp.,* 236 AD2d 329). That defendant may have been under financial

pressure is insufficient (*see, Matter of Bruno v City of Pough-keepsie*, 121 AD2d 629, *lv denied* 69 NY2d 602). In any event, defendant waived any claim of economic duress by failing to repudiate the contract promptly (*see, Sarepa, S. A. v Pepsico, Inc.*, 240 AD2d 720, *lv denied* 91 NY2d 801; *Fruchthandler v Green*, 233 AD2d 214, 215; *see also, Ordinary Guy v Juniper Releasing*, 199 AD2d 251, 252). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.