■ MICHELLE A. COLELLO, Respondent, v EUGENE G. COLELLO, Appellant. [780 NYS2d 450]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 8, 2003. The order granted plaintiff's motion for partial summary judgment voiding an agreement between the parties based upon the second, fifth and sixth causes of action and denied defendant's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and the second through seventh causes of action are dismissed.

Memorandum: Plaintiff commenced this action seeking a divorce, alleging, inter alia, that an agreement between the parties providing for distribution of property in the event of divorce or annulment, made in 1990, is void. Supreme Court granted

plaintiff's motion for partial summary judgment voiding the agreement based upon the causes of action alleging lack of consideration, breach of fiduciary duty and "absence of a meeting of the minds" and denied those parts of defendant's cross motion for partial summary judgment dismissing those causes of action. The court also denied the remainder of defendant's cross motion, seeking partial summary judgment dismissing three additional causes of action, alleging duress, fraud in the inducement and that the agreement "was not fair and reasonable when made, and is now unconscionable," finding triable issues of fact with respect to those causes of action. We note at the outset that the only issues on this appeal concern the making of the agreement, not its interpretation or the manner in which it was performed by defendant or applied by him to the parties' financial situation. For the reasons that follow, we reverse, deny plaintiff's motion and grant defendant's cross motion.

Domestic Relations Law § 236 (B) (3) allows parties to opt out of the equitable distribution laws by "[a]n agreement . . . made before or during the marriage" provided that the agreement "is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Plaintiff attaches critical significance to the fact that defendant failed to execute the agreement until after the wedding. She contends that the agreement is invalid because both parties were required to execute the agreement "before" the marriage or both parties were required to execute the agreement "during" the marriage. We reject that contention. The statute expressly provides that the agreement may be "made" before or during the marriage, and it is well established that an agreement or contract is "made" when the offer is accepted (see *Flemington Natl. Bank & Trust Co. v Domler Leasing Corp.*, 65 AD2d 29, 37 [1978], *affd* 48 NY2d 678 [1979]; *Rochester Plumbing Supply Co. v A. Burgart, Inc.*, 49 AD2d 78, 82 [1975]).

Contrary to plaintiff's contention, defendant's delay in signing the agreement did not transform a "prenuptial" agreement into a "postnuptial" agreement. The agreement expressly provided that it would "take effect upon the marriage of the parties," and there is no condition therein that defendant must execute the document before the wedding. "It is fundamental that where parties to an agreement expressly provide that a written contract be entered into 'as of' an earlier date than that on which it was executed, the agreement is effective retroactively 'as of' the earlier date and the parties are bound thereby accordingly" (*Matthews v Jeremiah Burns, Inc.*, 205 Misc 1006,

1013 [1954]; *see e.g. Manns v Norstar Bldg. Corp.*, 4 AD3d 799 [2004]; *Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]; *Matter of Local Union 1567, Intl. Brotherhood of Elec. Workers, AFL-CIO v Orange & Rockland Util.*, 104 AD2d 413, 413-414 [1984], *lv denied* 63 NY2d 607 [1984]).

We turn next to the specific causes of action. With respect to the second cause of action, alleging lack of consideration, we note that the agreement was made "in consideration of the mutual promises, undertakings, and covenants contained" therein. Those mutual promises included the waiver of each party's rights to the other party's separate property. We thus conclude that defendant is entitled to summary judgment dismissing the second cause of action because mutual promises such as the ones in the agreement constitute valid consideration for agreements to opt out of the equitable distribution laws (*see e.g. Simonds v Simonds*, 58 AD2d 305, 307-308 [1977], *affd* 45 NY2d 233 [1978]; *Matter of Saffer*, 39 Misc 2d 691 [1963], *affd* 20 AD2d 849 [1964]; *Anonymous v Anonymous*, 2 Misc 3d 1002[A], 2004 NY Slip Op 50080[U], *7).

With respect to the third cause of action, alleging duress, we conclude that defendant's alleged threat to cancel the wedding if plaintiff refused to sign the agreement does not constitute duress. "As a matter of law, [the] exercise or threatened exercise of a legal right [does] not amount to duress" *C & H Engrs. v Klargester, Inc.*, 262 AD2d 984, 984 [1999]; *see generally Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]; *Niagara Frontier Transp. Auth. v Patterson-Stevens, Inc.*, 237 AD2d 965, 966 [1997]). The allegation of plaintiff that her attorney was chosen and paid for by defendant does not by itself raise a triable issue of fact sufficient to sustain her claim of duress.

With respect to plaintiff's fourth cause of action, alleging fraud in the inducement of the agreement, we note that such a cause of action "requires a promise made 'with the undisclosed intention not to perform [it]' " (*Wagner Trading Co. v Tony Walker Retail Mgt. Co.*, 307 AD2d 701, 705 [2003]; *see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122 [1995]). Defendant established that he intended to perform all of the promises contained in the agreement at the time it was executed, and plaintiff failed to raise a triable issue of fact. The issue whether defendant in fact performed the promises contained in the agreement or breached express or implied covenants therein is not before us.

With respect to the fifth cause of action, alleging breach of a fiduciary duty, we note that, while defendant had a fiduciary re-

lationship with plaintiff both as her fiancé and as her spouse (*see e.g. Matter of Greiff*, 92 NY2d 341, 344-345 [1998]; *Christian v Christian*, 42 NY2d 63, 72 [1977]), the alleged breach is with respect to the execution of the agreement only. Whether there was a breach of fiduciary duty in the application of the agreement is not before us. While subsequent conduct cannot render the agreement itself invalid at its inception, subsequent conduct of defendant in performing the agreement or applying it to the parties' financial situation may constitute a breach of the agreement, including the covenant of good faith and fair dealing implicit in every contract (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]).

In order to establish a cause of action for breach of a fiduciary duty with respect to the execution of the agreement, plaintiff must establish the existence of a fiduciary relationship, misconduct by defendant, and that such misconduct "induced plaintiff to engage in the transaction in question," directly causing the loss about which plaintiff complains (*Laub v Faessel*, 297 AD2d 28, 31 [2002]). In support of her motion, plaintiff failed to establish any misconduct by defendant that induced her to execute the agreement. In support of his cross motion, however, defendant established the absence of misconduct, and plaintiff failed to raise a triable issue of fact.

With respect to the sixth cause of action, alleging the "absence of a meeting of the minds," we conclude that defendant established that there was a meeting of the minds concerning the material terms of the agreement (*see Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]). The date of defendant's signature is not a material term of the agreement, and plaintiff failed to raise a triable issue of fact whether the parties had not, in fact, agreed on the material terms of the agreement.

Finally, with respect to the seventh cause of action, alleging unconscionability, we conclude that, on its face, the agreement is not unconscionable. An unconscionable bargain is "one such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" (*Christian*, 42 NY2d at 71 [internal quotation marks omitted]). Defendant established that the agreement was not achieved by overreaching or fraud (*see id.* at 72-73) and was not "facially unfair" (*Siclari v Siclari*, 291 AD2d 392, 393 [2002]). Plaintiff alleges that subsequent events have rendered the agreement unconscionable in its application to the parties' financial situation. According to plaintiff, defendant implemented the agreement by taking his compensation from

his business in part in the form of durable assets that were titled in the name of the business, compensation that otherwise would have been marital income and would have been used to purchase marital property. Plaintiff alleges that defendant thereby purportedly insulated such assets, including the marital residence, from plaintiff's claims for equitable distribution, at least according to a strict and literal reading of the parties' agreement. Although courts are authorized to review whether maintenance agreements are unconscionable at the time of entry of a final judgment of divorce (*see* Domestic Relations Law § 236 [B] [3] [3]), they have no such authority concerning distribution of property (*see* § 236 [B] [3] [2]). The agreement here concerns only property and is silent with respect to maintenance. Defendant therefore is entitled to summary judgment dismissing that cause of action. Nonetheless, issues remain concerning whether the agreement was performed by defendant or applied by him to the parties' financial situation in such a manner as to violate the express or implicit promises contained therein. Moreover, we note that, if plaintiff seeks maintenance, the distribution of property is a factor the court must consider in determining the amount and duration of such maintenance (*see* § 236 [B] [6] [a]).

Based on the foregoing, we see no need to address defendant's contention that plaintiff ratified the agreement. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.