■ SUSAN C. DARRIN, Appellant, v DAVID DARRIN, Respondent. [838 NYS2d 678]—

---

Cardona, P.J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 28, 2006 in Albany County, which granted defendant's motion for partial summary judgment finding the prenuptial agreement executed by the parties to be valid and enforceable.

On July 20, 1987, five days before their wedding ceremony, plaintiff and defendant entered into a prenuptial agreement wherein, among other things, defendant disclosed his financial status and acknowledged his future potential interest in a substantial family trust. In accordance with certain provisions of the agreement, defendant was to make fixed monthly payments to plaintiff which would increase upon their tenth wedding anniversary and, in the event of divorce, a cash settlement based upon the length of the marriage would be paid to plaintiff. Given these monthly payments and cash settlement, plaintiff waived, among other things, all rights to spousal support, maintenance and equitable distribution in the event the parties divorced. Thereafter, a July 25, 1987 wedding ceremony was held, however, due to a problem with the filing of the marriage certificate, the parties were not officially married until a subsequent ceremony in November 1987.

In April 2005, plaintiff commenced this action seeking a divorce as well as, among other things, maintenance and equitable distribution. Defendant moved for partial summary judgment declaring the prenuptial agreement to be valid and enforceable. In opposition, plaintiff alleged that the agreement was procured through fraud, duress and overreaching. Supreme Court granted defendant's motion, resulting in this appeal.

We find no error in granting defendant partial summary judgment upholding the validity and enforceability of the parties' prenuptial agreement. It is well settled that a prenuptial agreement is accorded the same presumption of legality as any other contract (see Matter of Garbade, 221 AD2d 844, 845 [1995], lv denied 88 NY2d 803 [1996]; Brassey v Brassey, 154 AD2d 293, 294-295 [1989]) and the validity of such an agreement is

presumed unless the party opposing the agreement comes forward with evidence demonstrating "fraud, duress, or overreaching, or that the agreement or stipulation is . . . unconscionable" (*Korngold v Korngold*, 26 AD3d 358, 358 [2006], *lv dismissed* 7 NY3d 861 [2006]; *see Costanza v Costanza*, 199 AD2d 988, 989 [1993]). " '[I]n the absence of proof of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed. . . . Such a presumption [of fraud] must have as its basis evidence of overreaching—the concealment of facts, misrepresentation or some other form of deception' " (*Matter of Sunshine*, 51 AD2d 326, 328 [1976], *affd* 40 NY2d 875 [1976], quoting *Matter of Phillips*, 293 NY 483, 491 [1944]). Furthermore, where the spouse opposing the validity of the agreement fails to raise any triable issue of fact, the proponent of the agreement is entitled to summary judgment (*see Tremont v Tremont*, 35 AD3d 1046, 1047 [2006]).

Even accepting plaintiff's allegations as true, a review of the record herein fails to demonstrate any triable issues of fact with respect to fraud, duress or overreaching in connection with the execution of the prenuptial agreement. With respect to plaintiff's allegation of duress, the substantial financial disparity between the parties was fully disclosed at the time the agreement was executed. Moreover, despite the fact that plaintiff was unemployed at the time the agreement was executed and allegedly dependent on defendant's support, there is no evidence that defendant used his wealth as leverage to coerce plaintiff to sign the agreement. Although plaintiff also alleges coercion in the hurried nature of the circumstances surrounding the procurement of the agreement, the record fails to support such a contention, particularly in light of the fact that the parties were not officially married until four months after the agreement was signed. In regard to plaintiff's challenge to the effective and independent representation of her attorney, the conclusory allegations are insufficient to raise a triable issue of fact (*see Korngold v Korngold, supra* at 358-359; *see also Colello v Colello*, 9 AD3d 855, 858 [2004]).

Turning to plaintiff's allegation of fraud in the inducement as evidenced by defendant's failure to abide by various provisions in the agreement—specifically his failure to increase his monthly payments to her on their tenth anniversary or transfer title to certain property—such allegations relate to defendant's breach of the agreement, not the validity of the agreement itself, and are insufficient to raise a question of fact as to any undisclosed intention on defendant's part not to perform the promises therein at the time the agreement was executed (*see Colello v Colello, supra* at 858).

Finally, the record does not support plaintiff's contention that the agreement is unconscionable (*see* Domestic Relations Law § 236 [B] [3] [3]; *Colello v Colello, supra* at 859-860; *Lounsbury v Lounsbury,* 300 AD2d 812, 814 [2002]). Considering all the provisions of the prenuptial agreement, we cannot say that it was so unfair "as to shock the conscience and confound the judgment of any [person] of common sense" (*Lounsbury v Lounsbury, supra* at 814 [internal quotation marks and citations omitted]).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Mercure, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.