(December 6, 2007)

■ Jan Leighton, Appellant, v Young Ja Kim Leighton, Respondent. [847 NYS2d 64]—

Order, Supreme Court, New York County (Jacqueline W.

Silbermann, J.), entered April 23, 2007, which denied plaintiff husband's motion to dismiss all of defendant wife's counterclaims, and granted defendant summary judgment setting aside as invalid, the parties' 1992 postnuptial amendment to their 1986 prenuptial agreement, affirmed, without costs.

The 1992 postnuptial agreement was invalid due to the absence of a contemporaneous acknowledgment of plaintiff's signature (*see D'Elia v D'Elia*, 14 AD3d 477 [2005]; *Anonymous v Anonymous*, 253 AD2d 696 [1998], *lv dismissed* 93 NY2d 888 [1999]). We have considered plaintiff's claim concerning the applicability of the doctrines of equitable estoppel, laches, waiver and ratification, and find it without merit (*see Smith v Smith*, 263 AD2d 628, 630 [1999], *lv dismissed* 94 NY2d 797 [1999]; *Haberman v Haberman*, 216 AD2d 525, 527 [1995]; *Messina v Messina*, 143 AD2d 735 [1988]).

Defendant claims that the 1986 prenuptial agreement should be set aside on the grounds, inter alia, that she did not understand it and was not given the opportunity to consult counsel before signing it. She also claims the agreement was the result of coercion and overreaching for a number of reasons, including plaintiff's threats to cancel the wedding, her lack of understanding of legal terminology, and the fact that it was presented to her just hours before the wedding. Plaintiff disputes these allegations and once again raises defenses of estoppel, laches, ratification and waiver.

The IAS court found that defendant "raised genuine issues of fact concerning the fairness of the circumstances under which she signed the 1986 Prenuptial Agreement" and denied summary judgment to both parties.

Summary judgment is a "drastic remedy" that should only be employed where no doubt exists as to the absence of triable issues. The key to such procedure is issue-finding, rather than issue-determination (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Notwithstanding the language of the agreement, defendant has raised credible questions regarding its execution. Therefore, the IAS court properly found that neither party was entitled to summary judgment "at this stage of the action." Concur—Lippman, P.J., Mazzarelli and Sweeny, JJ.

Sullivan and Nardelli, JJ., concur in part and dissent in part in a memorandum by Nardelli, J., as follows: Initially, I agree with the majority that the 1992 postnuptial agreement was invalid due to the absence of a contemporaneous acknowledgment of plaintiff's signature, but I respectfully dissent to the extent that I disagree with the majority's conclusion that an issue of

fact exists concerning the validity of the 1986 prenuptial agreement, and would grant plaintiff husband's motion for summary judgment dismissing the second, third, fourth and additional fourth counterclaims challenging the validity of that agreement.

It is settled that the public policy of this State favors "individuals ordering and deciding their own interests through contractual arrangements" (*Matter of Greiff*, 92 NY2d 341, 344 [1998]; *see also Kessler v Kessler*, 33 AD3d 42, 45 [2006], *lv dismissed* 8 NY3d 968 [2007]) and, thus, duly executed prenuptial agreements are accorded the same presumption of legality as any other contract (*Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]; *Kalousdian v Kalousdian*, 35 AD3d 669, 670 [2006]). Moreover, a party attacking the validity of such an agreement must shoulder the heavy burden of coming forward with evidence demonstrating fraud, which will not be presumed, and which must have as its basis evidence of overreaching—the concealment of facts, misrepresentation or some other form of deception (*see Darrin v Darrin*, 40 AD3d 1391, 1392-1393 [2007], *lv dismissed* 9 NY3d 914 [2007]; *Matter of Sunshine*, 51 AD2d 326, 328 [1976], *affd* 40 NY2d 875 [1976], *see also Kojovic v Goldman*, 35 AD3d 65, 71 [2006], *lv dismissed* 8 NY3d 804 [2007] ["'(t)here is a 'heavy presumption that the deliberately prepared and executed . . . agreement manifest(s) the true intention of the parties' (*Haynes v Haynes*, 200 AD2d 457, 457 [1994], *affd* 83 NY2d 954 [1994]), necessitating 'a high order of evidence . . . to overcome that presumption' (*Brassey v Brassey*, 154 AD2d 293, 295 [1989])"]). If the spouse opposing the validity of the agreement fails to raise a triable issue of fact, the proponent of the agreement is entitled to summary judgment (*Darrin*, 40 AD3d at 1393; *Tremont v Tremont*, 35 AD3d 1046, 1047 [2006]), and unsubstantiated and conclusory allegations are simply insufficient to raise such an issue of fact (*see Rubin v Rubin*, 33 AD3d 983, 985-986 [2006]; *Korngold v Korngold*, 26 AD3d 358, 358-359 [2006], *lv dismissed* 7 NY3d 861 [2006]). As Supreme Court's decision expressly states, the motions were decided under both CPLR 3211 and 3212, both parties having so moved.

Given the foregoing, I find that plaintiff has sustained his prima facie burden of demonstrating the validity of the 1986 prenuptial agreement through his recitation of facts that comport with the express language of the agreement. These include the acknowledgment that defendant had ascertained and weighed all of the facts likely to influence her judgment, that all matters embodied in the agreement had been explained to her, that she had the benefit of advice of counsel of her own

selection, and that plaintiff had made full disclosure of his "means and resources." Further, defendant's uncorroborated, conclusory allegations of fraud, overreaching and duress, raised for the first time 20 years after she executed the agreement, fail to raise a genuine, material issue of fact and are obviously feigned.

Defendant's allegation that she lacked independent counsel, while a factor to be considered in determining whether the agreement should be set aside, is not sufficient, standing alone, to overturn the agreement absent some extrinsic evidence of unconscionability, duress or fraud (*see Forsberg v Forsberg*, 219 AD2d 615, 616 [1995]; *Panossian v Panossian*, 172 AD2d 811, 813 [1991]). Defendant also failed to establish that plaintiff misrepresented or concealed his assets and, in any event, the failure to disclose would not alone constitute fraud or over-reaching (*id.*). Nor is plaintiff's purported threat to cancel the wedding if defendant refused to sign the agreement sufficient to constitute duress for, " '[a]s a matter of law, [the] exercise or threatened exercise of a legal right [does] not amount to duress' " (*Colello v Colello*, 9 AD3d 855, 858 [2004], *lv denied* 11 AD3d 1053 [2004], quoting *C & H Engrs. v Klargester, Inc.*, 262 AD2d 984, 984 [1999]).

Finally, considering all the provisions therein, including the mutual waivers, the 1986 prenuptial agreement is manifestly not unconscionable, for it cannot be said that it was so unfair as to shock the conscience and confound the judgment of a person of common sense, or that it constituted an agreement which no person in his/her senses, and not under delusion, would make on the one hand, and that no honest and fair person would accept on the other (*Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002], citing *Hume v United States*, 132 US 406, 411 [1889]).