Judgment, Supreme Court, New York County (Harold B. Beeler, J.), entered August 7, 2008, after a nonjury trial, dissolving the parties’ marriage on the ground of cruel and inhuman treatment, declaring their prenuptial agreement valid and enforceable and incorporating its terms, and bringing up for review an order, same court and Justice, entered August 6, 2008, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We reject defendant’s contention that the prenuptial agreement is unconscionable. Given the clearly articulated waivers of rights upon divorce and the provision that defendant would receive a tax-free payment of $750,000 in the event of divorce more than 5 but less than 10 years after the marriage, we cannot say that the agreement is so unfair “as to shock the conscience and confound the judgment of any [person] of common sense” (Christian v Christian, 42 NY2d 63, 71 [1977] [internal quotation marks and citation omitted]; see Darrin v Darrin, 40 AD3d 1391 [2007], lv dismissed 9 NY3d 914 [2007]).
*535 Nor did defendant raise any triable issues of fact with respect to fraud, duress or overreaching in connection with the execution of the prenuptial agreement. That plaintiff failed to include his income in his financial disclosure is not by itself sufficient to vitiate the agreement (Strong v Dubin, 48 AD3d 232, 233 [2008]). The substantial financial disparity between the parties was fully disclosed at the time the agreement was executed, and there is no evidence that plaintiff used his wealth as leverage to coerce defendant to sign the agreement. The record does not support defendant’s contention that she did not have sufficient time to review the agreement, which the parties signed three weeks before the wedding, or her contention that she did not understand the terms of the agreement, which was written in English, her native tongue. Moreover, defendant was represented by counsel, and, contrary to her contention, the fact that plaintiff paid for defendant’s attorney does not by itself raise a triable issue of fact as to duress or overreaching.
The acknowledgment in the prenuptial agreement substantially complied with Real Property Law § 309-a (see Weinstein v Weinstein, 36 AD3d 797 [2007]).
Defendant failed to preserve her argument that a more stringent standard for cruel and inhuman treatment should be applied to acts that occur after the commencement of divorce proceedings (citing Anderson v Anderson, 58 AD2d 679 [3d Dept 1977]). However, were we to evaluate the evidence of defendant’s postcommencement actions according to a higher level of proof, we would find that defendant’s use of various media to discuss the parties’ marital troubles and publicly humiliate plaintiff, coupled with the evidence that, as a result of defendant’s conduct, plaintiff left the marital home and sought medical treatment, is sufficient to support the trial court’s determination that defendant’s postcommencement acts constituted cruel and inhuman treatment (see e.g. Stoothoff v Stoothoff, 226 AD2d 209 [1996]; Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862, 863-864 [2005], lv denied 6 NY3d 710 [2006]).
Defendant’s application for additional time to amend her answer, including counterclaims and affirmative defenses, was unaccompanied by a proposed amended pleading or an affidavit of merits (see Estate of Brown v Pullman Group, 60 AD3d 481, 482 [2009], lv dismissed in part and denied in part 13 NY3d 789 [2009]). Moreover, it was made after two days of trial on fault and the day before argument on plaintiff’s motion for summary judgment.
We have considered defendant’s remaining arguments and find them unavailing. Concur—Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.