# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**167**

**CA 11-01544**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

LOUISE RAMUNNO, PLAINTIFF-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

PAUL RAMUNNO, DEFENDANT-APPELLANT-RESPONDENT.

---

DEBORAH J. SCINTA, BUFFALO, FOR DEFENDANT-APPELLANT-RESPONDENT.

BARBARA A. KILBRIDGE, BUFFALO, FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 29, 2011. The order, among other things, declared null and void those clauses of an Antenuptial Agreement which could be read as plaintiff's waiver of maintenance or distribution of defendant's pension.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the determination that those clauses in the parties' Antenuptial Agreement that could be interpreted as plaintiff's waiver of maintenance or distribution of defendant's pension are null and void and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a determination that the parties' Antenuptial Agreement is null and void on the grounds of duress and overreaching. Following a hearing, Supreme Court properly determined that defendant's threat to cancel the wedding unless plaintiff signed the agreement does not amount to duress (*see Colello v Colello*, 9 AD3d 855), and that the circumstances surrounding the execution of the agreement do not support a finding of overreaching (*see Darrin v Darrin*, 40 AD3d 1391, 1393, *lv dismissed* 9 NY3d 914; *Cron v Cron*, 8 AD3d 186, *lv dismissed* 7 NY3d 864, *lv denied* 10 NY3d 703). The court erred, however, in sua sponte determining that plaintiff could not, prior to the marriage, waive her right to equitable distribution of defendant's pension (*see Strong v Dubin*, 75 AD3d 66, 72-73; *see generally* Domestic Relations Law § 236 [B] [3] [2]), or her right to maintenance (*see generally* § 236 [B] [3] [3]). We therefore modify the order accordingly.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court