# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1290**
**CA 12-00785**
PRESENT: SCUDDER, P.J., CENTRA, WHALEN, AND MARTOCHE, JJ.

---

KENNETH EARL TUPER, AS COTRUSTEE OF THE TUPER
LIVING TRUST, AND THE TUPER LIVING TRUST,
PLAINTIFFS-APPELLANTS,

V             MEMORANDUM AND ORDER

PATRICIA P. TUPER, AS COTRUSTEE OF THE TUPER
LIVING TRUST, DEFENDANT-RESPONDENT.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA KOLCON OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

ZIMMERMAN & TYO, ATTORNEYS, SHORTSVILLE (JOHN E. TYO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(William F. Kocher, A.J.), entered May 3, 2011. The order dismissed
plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs, Kenneth Earl Tuper, as cotrustee of the
Tuper Living Trust, and the Tuper Living Trust (Trust), commenced this
action against defendant, Patricia P. Tuper, as cotrustee of the
Trust, seeking, inter alia, damages for defendant's alleged breach of
fiduciary duty and breach of contract. The facts of this case are
fully set forth in our decision on a prior appeal (*Tuper v Tuper*, 34
AD3d 1280). After a nonjury trial, Supreme Court dismissed the
complaint. We affirm.

" 'On our review of a verdict after a bench trial, we
independently review the weight of the evidence and may grant the
judgment warranted by the record' " (*Charles T. Driscoll Masonry
Restoration Co., Inc. v County of Ulster*, 40 AD3d 1289, 1291; *see
Blakesley v State of New York*, 289 AD2d 979, 979, *lv denied* 98 NY2d
605). Contrary to plaintiffs' contention, we conclude upon our
independent review of the record that the weight of the evidence
supports the court's determination that defendant did not breach her
fiduciary duty. "The elements of [a breach of fiduciary duty] cause
of action are 'the existence of a fiduciary duty, misconduct by the
defendant[] and damages that were directly caused by the defendant['s]
misconduct' " (*McGuire v Huntress* [appeal No. 2], 83 AD3d 1418, 1420;
*see Colello v Colello*, 9 AD3d 855, 859). Plaintiffs failed to

establish that defendant engaged in any misconduct or that there were any damages.  Patricia Tuper's conduct in commencing a divorce action and an action seeking partition of the real property in the Trust were not in violation of her duties as cotrustee because she commenced those actions in her individual capacity, not as cotrustee.  In addition, the Trust specifically authorized a cotrustee to seek partition of the property, and defendant did not act in bad faith or in disregard of the purposes of the Trust in doing so, particularly in view of the evidence that Kenneth Tuper removed her name from the Trust accounts and prevented her from accessing them.  The court also properly dismissed the breach of contract cause of action inasmuch as it was duplicative of the breach of fiduciary duty cause of action (*see Pergament v Roach*, 41 AD3d 569, 571; *see also JMF Consulting Group II, Inc. v Beverage Mktg. USA, Inc.*, 97 AD3d 540, 542-543, *lv denied* ___ NY3d ___ [Oct. 30, 2012]).  Because the court properly dismissed the first two causes of action, there remained no basis for the latter two causes of action, seeking an injunction and an accounting.  Thus, those causes of action were properly dismissed as well.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court