Tiedemann v Salerno (2025 NY Slip Op 02686)

Tiedemann v Salerno

2025 NY Slip Op 02686

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

285 CA 24-00818

[*1]MARK W. TIEDEMANN, PLAINTIFF-APPELLANT,
v
ANN MARIE SALERNO, DEFENDANT-RESPONDENT. 

DIPASQUALE CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Michael Siragusa, A.J.), entered February 6, 2024. The order granted defendant's motion for summary judgment dismissing plaintiff's amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to rescind a postnuptial agreement that was incorporated but not merged in the parties' judgment of divorce, plaintiff appeals from an order that granted defendant's motion for summary judgment dismissing the amended complaint.
Preliminarily, we note that although defendant's motion for summary judgment pursuant to CPLR 3212 (b) was predicated on grounds that included, inter alia, CPLR 3211 (a) (1) and (7), it was nonetheless a post-note of issue motion for summary judgment, not a motion to dismiss (see Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d 1653, 1654 [3d Dept 2019]; see generally David D. Siegel & Patrick M. Connors, New York Practice § 283 at 538 [6th ed 2018]). Thus, Supreme Court properly considered the affidavits and attached exhibits submitted by the parties in reaching its determination on the merits (see generally CPLR 3212 [b]), and plaintiff's contentions that the amended complaint should not have been dismissed pursuant to CPLR 3211 (a) (1) and (7) are academic (see Blake v City of New York, 148 AD3d 1101, 1105 [2d Dept 2017]; see generally Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1401 [4th Dept 2019]).
Plaintiff does not contend on appeal that the court erred in granting defendant's motion for summary judgment with respect to the cause of action for breach of contract and, thus, "plaintiff has abandoned any contention with respect to that determination" (Guite v Burnison, 26 AD3d 824, 824 [4th Dept 2006]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to plaintiff's contention, the court did not err in granting defendant's motion for summary judgment with respect to the three causes of action seeking to rescind the postnuptial agreement on the grounds of fraudulent inducement (first cause of action), unconscionability (second cause of action), and the failure to disclose information (third cause of action). "In general, postnuptial agreements are subject to ordinary principles of contract law . . . [and] New York has a strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements" (Campbell v Campbell, 208 AD3d 1050, 1051 [4th Dept 2022] [internal quotation marks omitted]). "Thus, 'there is a heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties' " (id.). "Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching, the general rule is that [i]f the execution of the agreement . . . [is] fair, no further inquiry will be made . . . [*2]Nevertheless, [a postnuptial] agreement may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or there exists fraud, collusion, mistake, or accident" (Elliott v Elliott, 235 AD3d 1283, 1284-1285 [4th Dept 2025] [internal quotation marks omitted]).
With respect to plaintiff's first cause of action, alleging fraud in the inducement of the agreement, we note that such a cause of action "requires a promise made with the undisclosed intention not to perform [it]" (Colello v Colello, 9 AD3d 855, 858 [4th Dept 2004] [internal quotation marks omitted]). Defendant met her initial burden on the motion by demonstrating that she did not make a promise with the undisclosed intention not to perform it (see id.; see generally Wagner Trading Co. v Walker Retail Mgt. Co., 307 AD2d 701, 705 [4th Dept 2003]). Contrary to plaintiff's contention, his "mere surmise, suspicion, speculation, and conjecture" that defendant was having an extramarital affair at the time the postnuptial agreement was executed is insufficient to raise a triable issue of fact whether she fraudulently induced him to sign the agreement by representing that she would work on the marriage without the present intent to do so (Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 648 [2d Dept 2016]; see Matter of Kotick v Shvachko, 130 AD3d 472, 473 [1st Dept 2015]; see generally DiPizio v DiPizio, 81 AD3d 1369, 1370 [4th Dept 2011]).
With respect to plaintiff's second cause of action, alleging unconscionability, defendant "met h[er] initial burden on the motion by demonstrating that the [postnuptial agreement] was 'not unfair on its face' " (Elliott, 235 AD3d at 1285; see Colello, 9 AD3d at 859; see generally Gottlieb v Gottlieb, 138 AD3d 30, 35-36 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]). We reject plaintiff's contention that he raised a triable issue of fact in opposition as to unconscionability. " 'An agreement is unconscionable if it is one which no person in [their] senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense' " (Campbell, 208 AD3d at 1052; see Skotnicki v Skotnicki, 237 AD2d 974, 975 [4th Dept 1997]). "[C]onclusory allegations that an agreement was unfair are insufficient" (Skotnicki, 237 AD2d at 975), and an agreement will not be found unconscionable "merely because, in retrospect, [it might have been] improvident or one-sided" (Sanfilippo v Sanfilippo, 137 AD3d 773, 774 [2d Dept 2016] [internal quotation marks omitted]) or because one spouse "gave away more than [that spouse] might legally have been compelled to give" (Skotnicki, 237 AD2d at 975). Plaintiff argues that he raised a triable issue of fact whether the postnuptial agreement was unconscionable inasmuch as he submitted evidence demonstrating that it provided for a maintenance payment to defendant in excess of what she would have been awarded during a divorce proceeding. However, the agreement also provided that plaintiff would receive all assets that were acquired by the parties during the course of their marriage, including his business interests and the marital residence. Thus, "it cannot be said that the . . . agreement was such that it would 'shock the conscience and confound the judgment of any [person] of common sense' " (Campbell, 208 AD3d at 1052; see Sanfilippo, 137 AD3d at 774; Skotnicki, 237 AD2d at 975).
With respect to plaintiff's third cause of action, alleging a failure to disclose the existence of two retirement accounts, defendant met her initial burden on the motion of establishing that any such alleged failure to disclose does not warrant rescinding the postnuptial agreement inasmuch as the parties were represented by counsel and waived their right to financial disclosure in the postnuptial agreement (see Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]; Genovese v Genovese, 243 AD2d 679, 679 [2d Dept 1997]), and plaintiff failed to raise a triable issue of fact in opposition whether "the nondisclosure resulted in an inequitable or unfair division of the marital property" (Elliott, 235 AD3d at 1285).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court